LEWIS ARMISTEAD *v.* G. W. CHATTERS.

1. LABORER UNDER CONTRACT. *Employment. Damages. Laws* 1890, *p.* 69.

   In an action under act 1890, p. 69 (§ 1068, Code 1892), which, besides imposing a fine, makes liable to double damages one who knowingly employs a laborer under contract with another *"before the expiration of his contract,"* without the employer's consent, the fact that the laborer had abandoned the contract before being employed, does not relieve the defendant from liability.

2. SAME. *Measure of damages. Original contract; breach of.*

   Under such statute, the damages are not apportioned. The measure is double the damages sustained by the employer because of the breach of the contract by the laborer in abandoning the employment. The recovery is not restricted to the damages growing out of the employment of the laborer by defendant.

FROM the circuit court of the first district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

The record in this case shows that the laborers or croppers, who had previously contracted with appellee for the year, were employed by the appellant about the fifth day of April, 1892. At that time the act of 1890 was in force. Laws, p. 69. This statute was substantially the same as § 1068, code 1892, which is quoted in the opinion, but which did not go into effect until November 1, 1892.

Among others, the following instructions were given for the plaintiff:

"1. The court instructs the jury that, if they believe from the evidence that the defendant, Armistead, had notice of any fact or circumstance sufficient to put an ordinarily prudent man upon inquiry, and that the prosecution of such inquiry would have developed the fact that Thompson, Gibbs and Cummings had made a contract to work on plaintiff's land for the year 1892, which contract was in full force and

effect, then the jury must return a verdict in favor of the plaintiff for double the amount of any damages which the proof satisfies them he has sustained; provided they further believe from the evidence that said Armistead knowingly employed, interfered with or induced said Thompson, Cummings or Gibbs to leave the land they had contracted to work, after such fact or circumstance came to the notice of said Armistead.

"2. If the jury believe from the evidence that the defendant wilfully interfered with, enticed away or knowingly employed or induced Thompson, Cummings or Gibbs, or all of said parties, to leave the land they had previously contracted to work for the plaintiff, before the expiration of said contract, and without the consent of said plaintiff, Geo. Chatters, then the jury must return a verdict in favor of the plaintiff for double the amount of any damages which the proof satisfies them the said plaintiff has sustained."

Instructions announcing contrary principles, asked by the defendant, were refused.

Plaintiff recovered judgment in the sum of $89.59. Motion for new trial overruled. Defendant appeals.

The opinion contains a further statement of the case.

*Fitzgerald & Maynard*, for appellant.

The court erred in giving plaintiff's instructions. The defendant did not entice away the laborers or induce them to leave the employment of plaintiff. While it may be true that he could be held criminally liable for employing laborers or tenants knowing they were under contract, unless the act of employing them resulted in actual damage to the original employer, he cannot be held liable in damages. The laborers had left the employment, and did not intend to return. The act of defendant in employing them did not damage plaintiff at all. His damage resulted solely from the acts of the employes in abandoning their contract. No one has a cause of action against another for the latter's wrong-

ful act, unless he is injured by it.   1 Sutherland on Dam.,
p. 3.

We concede that the laborers left the employment without
any valid excuse, and that plaintiff was damaged thereby,
but defendant did not induce them to leave, and therefore
the damage did not result from any act of his.   Where the
employe has quit and determined not to return, the law does
not impose the damage sustained by his breach of contract
on a person who subsequently employs him, and who had
nothing to do with the breach.   While it is bad for an em-
ploye to abandon his contract, it would be worse to make it
criminal for any one afterwards to give him employment.

*Glover & Sawyer,* for appellee.

The instructions given for plaintiff announce the law cor-
rectly, and defendant's instructions were properly refused.
Before the term of employment had expired or the contract
had been nullified, defendant had no right to employ the
laborers.   Their abandonment did not nullify the contract.
Benj. on Priv. Con., p. 133; Law Rep., 7 Exc., 112; 108 Ill.,
181; 98 Pa., 545; 61 N. Y., 375.

Recovery in a case like this is founded upon the legal right
derived from the contract of employment and its breach.
*Lumly* v. *Gue,* El. & B., 216; Law Rep., 6 C. P. D., 333; 107
Mass., 567.

The act of defendant in employing the laborers was ille-
gal if he knew, or had cause to know, that they were in
plaintiff's employment, or, in the language of the statute, if
he employed them "before the expiration of the contract."
On this point, see *Fawcet* v. *Beavers,* 2 Lev., 63; 6 Cush.,
249.   The language of the statute itself is conclusive of de-
fendant's liability.   See *Bowen* v. *Hall,* Law Rep., 6 C. P.
D., 333.

Having in view the practice of laborers abandoning their
employers without cause, the greatest evil which our state,
as an agricultural state, had to contend with, the legislature

gave criminal force to the common law civil liability of persons enticing away or employing laborers. The liability attaches if the time of the employment had not expired, although the laborer or tenant has abandoned his contract.

*E. Mayes*, on the same side.

COOPER, J., delivered the opinion of the court.

The appellee brought this action against the appellant to recover the double damages allowed by law in favor of the employer as against any one who shall entice away his servant. The statute is as follows: "If any person shall wilfully interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time, to leave his employer or the leased premises before the expiration of his contract, without the consent of the employer or landlord, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars, and, in addition, shall be liable to the employer or landlord for double the amount of damage which he may have sustained by reason thereof."

The evidence for the plaintiff tends to show that he had employed three laborers or tenants, who had commenced a crop on his land; that these men became dissatisfied, and had determined to abandon the service of the plaintiff, and had probably ceased to labor, but were yet residing on the plaintiff's place; that they applied to the defendant for work, who did not then employ them, but hired to them his teams, to be used in moving their household effects from plaintiff's place, and permitted them to move on his place, and afterwards employed them to labor during the term for which they had engaged with the plaintiff. The defendant contended in the court below, first, that if the laborers had broken their contracts with the plaintiff before they removed to the place of defendant, or were employed by him, that he was not liable, under the statute, to the plaintiff's action; second, that

if liable at all, the measure of the plaintiff's recovery would be double the damages sustained by the plaintiff because of the employment by the defendant of the laborers, and not double the damages sustained by the plaintiff by reason of the breach of their contract by the laborers. The defendant concedes that if these propositions shall be decided against him, that the damages awarded by the jury are reasonable, and the judgment should be affirmed.

The appellant's construction of the law cannot be maintained. It denounces a penalty and fixes a liability not only upon persons who "interfere with, entice away or induce a laborer or tenant to leave the service of his employer or landlord," but also against all persons who "knowingly employ" such laborer or tenant before the expiration of his term of service or tenancy, without the consent of his employer or landlord. The purpose of this clause of the law is to incite and constrain laborers and tenants who are under engagements for specified time, to performance of their contracts by rendering it difficult for them to secure employment elsewhere during the time for which they have engaged. It is made unlawful for a third person to interfere with, entice away or induce a laborer or tenant to leave his employer or the leased premises before the expiration of his contract. But this is not all that the law declares. It is made equally unlawful to knowingly employ such laborer or tenant before the *expiration* of his contract, without the consent of his employer or landlord. Not before the *breach* of his contract, as appellant contends the statute to mean, but before the *expiration* thereof.

Nor is it true that the damages are to be apportioned, and a recovery by the plaintiff limited to such injury as he has sustained by reason of the employment only of the laborer or tenant by such other person. There cannot be an apportionment of damages between wrong-doers, but each is responsible for all injury inflicted. The statute does not inflict upon the laborer or tenant the criminal or civil responsibility

71 Miss.—33

it denounces against the third person, but such third person, by doing the thing forbidden, becomes liable to the employer or landlord for the damage he has sustained by the breach of contract by the laborer or tenant, to which breach he is made a party by doing the unlawful act.

*The judgment is affirmed.*